UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN F. ENGELHORN,

               Plaintiff,

vs.                          Case No.  2:11-cv-40-FtM-36DNF

LT. CLEM, ROBERT HEMPHILL, M.D.,

               Defendants.
_____/

**ORDER OF DISMISSAL**

I.

    This case comes before the Court upon review of Plaintiff's Third Amended Complaint (Doc. #23, Third Complaint), filed on July 11, 2011, pursuant to the Court's June 21, 2011 Order. Plaintiff is proceeding *in forma pauperis* in this action. *See* Doc. #7. Upon review of the action and a pacer search, the Court will dismiss this action.

II.

    Before the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* in this case, it reviewed Plaintiff's initial Complaint (Doc. #1), filed January 31, 2011. When reviewing the Civil Rights Complaint Form, the Court also reviewed Plaintiff's responses on the form, Section IV, B, which asks plaintiffs whether they have "initiated other lawsuits in federal court dealing with the same or similar facts involved in this action **or otherwise relating to your imprisonment or conditions**

**thereof**"?  *See* Doc. #1 at 5-6 (emphasis added).  In response to the question, Plaintiff listed the following actions and wrote the following comments: (1) state case 2010CA 002010- still pending; and (2) 4:10-cv-534-still pending.  *Id.*  Following the declaration "under penalty of perjury that the foregoing statement of facts including all continuation pages are true and correct," Plaintiff signed his name.  Thereafter, the Court granted Plaintiff leave to proceed as a pauper.  Doc. #7.

Plaintiff filed his Second Amended Complaint (Doc. #19) on June 21, 2011, as of right, pursuant to Fed. R. Civ. P. 15(a).  *See* Doc. #18.  On the Amended Complaint, in response to section IV, B, Plaintiff listed the following actions and wrote the following comments: (1) state case 2010CA2010- still pending; (2) 5:99-cv-217- dismissed for failure to state a claim; and (3) repeating, 5:99-cv-217.[1]  *Id.* at 5-6.  Following the declaration "under penalty of perjury that the foregoing statement of facts including all continuation pages are true and correct," Plaintiff signed his name.

Plaintiff then filed a Third Complaint (Doc. #23).  In response to the question on the form concerning previous lawsuits,

_____

[1]Upon review of the Second Amended Complaint, the Court directed Plaintiff to file a Third Amended Complaint because the second complaint included unrelated incidents that occurred at two different institutions, including allegations arising in an institution that is not within this Court's venue.  *See* Doc. #20.

Plaintiff wrote: (1) state case 2010CA2010- still pending; (2) 5:99-cv-217- dismissed for failure to state a claim; (3) another § 1983 case around 2001 "that I voluntarily dismissed"; (4) 4:10-cv-534-dismissed for failure to state a claim; (5) repeating, 5:99-cv-217- dismissed for failure to state a claim; and (6) repeating, 4:10-cv-534-dismissed for failure to state a claim. *Id.* at 5-7. On the Third Complaint, Plaintiff also submitted that he has "no records" of his previous actions and "he can't remember." *Id.* at 6. Following the declaration "under penalty of perjury that the foregoing statement of facts including all continuation pages are true and correct," Plaintiff signed his name.

The Court takes judicial notice that prior to Plaintiff filing his initial Complaint, Plaintiff filed the following prisoner civil rights actions, which he failed to mention: (1) 4:98-cv-257, (2) 5:99-cv-217, and (3) 4:02-cv-78.[2] Three of Petitioner's cases have been dismissed as frivolous, malicious, for failure to state a claim upon which relief can be granted, or for abuse of the judicial process. *See* Case Numbers: 5:99-cv-217-RH (filed July 30, 1998; Doc. #25, § 1915 dismissal Order dated Feb. 14, 2000); 2:11-cv-224-JES-DNF (filed April 18, 2011; Doc. #6, dismissal Order dated June 6, 2011); and 4:10-cv-534-WS-WCS (filed December 1, 2010; Doc. #34, § 1915 dismissal Order dated June 24, 2011); *see*

---

[2]Since the date Petitioner filed the instant action, he has filed the following prisoner civil rights complaints: (1) 2:11cv224; (2) 4:11-cv-120; and (3) 4:11-cv-253. *See* www.pacer.gov

also *Hoffman v. State*, 2010 WL 330312 *3 (S.D. Fla. 2010)(citing *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir.), *cert. denied*, 510 U.S. 863 (1993)(Case No. 93-80)(holding that failure to comply with court orders is an "abuse of the judicial process); *Huffine v. United States*, 25 Cl.Ct. 462, 464 (Ct.Ct. 1992)(*pro se* litigant's refusal to comply with Court orders was an "abuse of the judicial process").

The Courts have the authority to manage matters pending before them.  This Court refuses to tolerate false responses or incomplete statements in any pleading or motion filed for consideration by the Court.  The quality of justice is threatened when the Court cannot rely on statements and/or responses submitted by parties. Plaintiff has provided both false and incomplete responses, particularly on his initial Complaint upon which the Court based its *in forma pauperis* ruling.  The Court finds Plaintiff's failure to provide truthful responses on the initial Complaint is an abuse of the judicial process.

In particular, Plaintiff's failure to answer the questions on the complaint form effects the Court's ability to properly review the complaint under the Prison Litigation Reform Act ("PLRA").  *See generally* 28 U.S.C. § 1915.  In part, the PLRA prohibits a prisoner from filing a § 1983 action and proceeding *in forma pauperis*, if on 3 or more prior occasions the prisoner filed an action or appeal that was dismissed on grounds that it was frivolous, malicious, or

fails to state a claim upon which relief cam be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Essentially, § 1915, known as the "Three Strikes Rule" only permits a prisoner to file "three meritless suits at the reduced rate." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Indeed, the United States Court of Appeals for the Eleventh Circuit found that a district court did not error by counting as one strike a dismissal of a Complaint when a plaintiff committed perjury on the complaint form in response to the question of the existence of prior lawsuits filed. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds Jones v. Bock*, 127 S.Ct. 910 (2007). Specifically, the Eleventh Circuit noted that "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned in drafting section 1915(g)." *Id.*

Based on the foregoing, the Court *sua sponte* dismisses Plaintiff's action, without prejudice. Because the dismissal is without prejudice, Plaintiff may initiate a new civil rights action by filing a new Complaint, including the above-described information with regard to Plaintiff's previously-filed cases.[3]

ACCORDINGLY, it is hereby

---

[3]The Court notes, however, that this dismissal constitutes Plaintiff's "fourth" strike. Thus, on future prisoner civil rights actions, Plaintiff will have to pay the $350.00 filing fee, absent imminent physical injury.

**ORDERED**:

1.   The Order granting Plaintiff's motion to proceed *in forma pauperis* is **vacated**.

2.   The Complaint is **DISMISSED,** without prejudice, for Plaintiff's lack of candor in his responses to the questions on the civil rights complaint forms.

3.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this 15th day of July, 2011.

Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record